## Commonwealth v. Magee, Appellant.

Submitted September 29, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James E. Beveridge,* Public Defender, for appellant.

*Michael M. Palmisano,* Assistant District Attorney, and *William E. Pfadt,* District Attorney, for Commonwealth, appellee.

58

OPINION BY MR. JUSTICE ROBERTS, November 11, 1969:

Appellant Keith Magee was convicted by a jury of first degree murder and sentenced to life imprisonment. No appeal was taken. In December 1966 he filed a petition under the Post Conviction Hearing Act, alleging that he had unconstitutionally been denied his right to appeal. The petition was dismissed without hearing and we reversed. *Commonwealth v. Magee*, 428 Pa. 186, 236 A. 2d 818 (1968). Upon remand, the hearing court held that he had not been denied his right to appeal. We reverse.

At the evidentiary hearing appellant's original trial counsel testified that he advised against taking an appeal because appellant could get the death penalty on retrial. The hearing judge wrote in his opinion: "[T]he statement of his then counsel, Mr. Petrillo, represents what took place, and hence, we would find that he knew of his right to appeal, understandingly knew of it, and understandingly knew what he was waiving and what he was doing when he appeared before this Court. For this Court is certain again on the statements made and under the totality of the circumstances, that this defendant knew that if a new trial had been granted him, and he were tried, he could have had assessed against him death in the electric chair, which he admittedly wanted to avoid."

In *Commonwealth v. Littlejohn*, 433 Pa. 336, 250 A. 2d 811 (1969), we held that where a defendant was originally sentenced to life imprisonment, the Commonwealth was constitutionally precluded from seeking the death penalty upon retrial. Hence, a decision not to appeal, based on fear of what the Commonwealth could not constitutionally do, "cannot, as a matter of law, be a knowing and voluntary waiver of the right to appeal." *Id.* at 349, 250 A. 2d at 817. See *Common-*

*wealth v. Stewart,* 435 Pa. 449, 257 A. 2d 251 (1969). Since the hearing judge found that appellant did not appeal because of his fear of the death penalty upon retrial,* we must now grant him an appeal as though timely filed. We therefore remand this record to the court below with directions that the court shall appoint counsel for the purpose of filing and arguing posttrial motions and, if necessary, prosecuting an appeal.

The order of the Court of Quarter Sessions of Erie County is reversed and the record is remanded with instructions.

Mr. Justice COHEN concurs in the result.

Mr. Chief Justice BELL dissents.

---

* The hearing court's opinion and order were filed on June 5, 1969, nearly five months after *Littlejohn* was decided.