## Commonwealth *v.* Leamer, Appellant.

Submitted April 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

38

*T. Dean Lower,* for appellant.

*Amos Davis,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

Glenn Leamer was indicted on a charge of murder in 1956. Following a plea of guilty he was adjudged guilty of murder in the first degree and sentenced to death; but his conviction was reversed* after it was found that he had not been competent to stand trial at the time he pleaded guilty.

Leamer was again tried on the murder charge in 1958, this time before a jury which found him guilty of murder in the first degree and fixed the penalty at life imprisonment. Immediately after the jury returned its verdict, Leamer's counsel made an oral motion for a new trial, but the motion was withdrawn at the time Leamer was brought before the court for sentencing and no appeal was taken.

Leamer is now appealing from the dismissal of a 1969 PCHA petition in which he alleged, inter alia, that he was denied his right of appeal, asserting that he consented to the withdrawal of his motion for a new trial only because he was told that the trial judge, the same judge who had earlier sentenced him to death, was unhappy with the leniency of his life sentence and would welcome another opportunity to impose the death penalty.

---

\* Leamer filed a petition for writ of habeas corpus with the Court of Common Pleas of Blair County at No. 58 January Term 1957, and that court reversed his conviction.

At the PCHA hearing, Leamer testified that: "[T]hey told me that if I continued with the motion for a new trial, why this Honorable Court would order a new trial at once because this Honorable Court was mad because I got a life sentence, and that this Court would order a new trial so that I would get a chance for a death sentence again." And Leamer's counsel testified that ". . . the primary consideration [behind Leamer's decision not to prosecute the appeal] was the fact that he could be sentenced [to death]."

The hearing judge, who had presided at both of Leamer's trials, accepted these assertions: "It was stated by counsel in their testimony that it was indicated by the District Attorney that he would be perfectly willing to grant a new trial by reason of the fact of his feeling that the jury in recommending life imprisonment was to him a miscarriage of justice. The Court could not believe or find otherwise than with a motion for a new trial pending the same would be withdrawn had it not been by and with the consent of the defendant and even further at his insistence knowing that a new trial might result in the imposition of a sentence different than that which he had received by the jury." [sic]

In *Commonwealth v. Littlejohn*, 433 Pa. 336, 250 A. 2d 811 (1969), we held that a defendant who had been given a sentence of life imprisonment could not be sentenced to death on a retrial, and that a decision not to appeal based on the fear that the death sentence could be imposed on a retrial could not, as a matter of law, be a knowing and voluntary waiver of the right to appeal. 433 Pa. at 349, 250 A. 2d at 817. See *Commonwealth v. Stewart*, 435 Pa. 449, 257 A. 2d 251 (1969); *Commonwealth v. Magee*, 436 Pa. 57, 258 A. 2d 627 (1969).

The judgment of the Court of Common Pleas of Blair County is reversed and the record is remanded so that Leamer may, with the assistance of counsel, file post-trial motions as though timely filed.

Mr. Chief Justice BELL dissents.